# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| BO SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:21-03090-CV-RK |
| ) | |
| SENIOR LIVING MANAGEMENT ) | |
| GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER COMPELLING ARBITRATION AND DISMISSING CASE

Before the Court is Defendant's motion to compel arbitration and dismiss or stay the case. (Doc. 6.) The motion is fully briefed. (Docs. 7, 8, 10.) After careful consideration, the motion is **GRANTED** and the case is **DISMISSED**.

## Background

Plaintiff filed his Complaint against Defendant on April 15, 2021, alleging sex discrimination and retaliation. (Doc. 1.) On June 15, 2021, Defendant filed the present motion, arguing a binding dispute resolution agreement ("DRA") controls the current dispute.

Plaintiff and Defendant entered the DRA, a binding contract, on June 19, 2019. (Doc. 6-2.) Under the DRA, Plaintiff and Defendant mutually agreed the DRA would apply "to any dispute arising out of or related to Employee's employment with BirchPointe Health & Rehabilitation . . . or termination of employment and survives after the employment relationship terminates."[1] (*Id.*) Per the DRA, the Agreement "is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration." (*Id.*) The DRA "also applies, without limitation, to disputes regarding the employment relationship . . . termination, or harassment and claims arising under the . . . Civil Rights Act of 1964. . . ." (*Id.*)

## Discussion[2]

To begin, it should be noted Plaintiff does not dispute the validity of the DRA or that the Federal Arbitration Act ("FAA") and Missouri law govern. Plaintiff makes two arguments in

---

[1] Defendant is doing business as Birch Point Health and Rehabilitation.
[2] The Court finds much of Defendant's brief persuasive. Portions are incorporated without further reference.

opposition to Defendant's motion.  First, Plaintiff argues the Court should stay the proceeding instead of dismiss it.  The Court will address this in more detail below.  Second, Plaintiff argues under the DRA, only the Plaintiff can initiate arbitration proceedings.  Plaintiff's argument is without merit.  The DRA states, "[t]he party bringing the claim must demand arbitration in writing and deliver the written demand by hand or first class mail to the other party within the applicable statute of limitations period." (Doc. 6-2.)  Plaintiff then argues because the agreement does not specifically state the consequences if the party bringing the claim does not demand arbitration, the motion should be denied.  As practically applied, this argument would essentially render arbitration agreements useless, as contracting parties would be precluded from enforcing arbitration agreements any time a claimant failed to demand arbitration.  Further, Plaintiff admits he did not follow this process, but then claims Defendant has no remedy for Plaintiff's failure to abide by the terms of the DRA.  Defendant's remedy is to compel specific performance of the DRA, which means compelling arbitration.  *See e.g., Magruder v. Pauley*, 411 S.W.3d 323, 336 (Mo. Ct. App. 2013) (holding specific performance is a remedy to breach of contract).  Finally, both the FAA and Missouri law state that either party to an arbitration agreement may seek its enforcement.  *See Dunn Indus. Grp., Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 429 (Mo. 2003) (applying contract law to arbitration agreements).

> Specifically, the FAA provides:
>
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C.A § 4.  Plaintiff's allegations of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 directly relate to his employment with Defendant and are expressly covered by the DRA.  Therefore, the Court finds the DRA enforceable and compels arbitration of Plaintiff's claims.

The Court must also consider whether the case should be stayed pending arbitration or dismissed.  The Eighth Circuit has held in cases where the FAA applies, and where the claims at issue are subject to a valid and enforceable arbitration clause, dismissal is appropriate.  *Arkcom Digital Corp. v. Xerox Corp.*, 289 F.3d 536 (8th Cir.2002); *Barker v. Golf U.S.A., Inc.*, 154 F.3d 788, 793 (8th Cir.1998); *Moore v. Nieman Marcus Group*, No. 2009 WL 4544740, at *1

(E.D.Mo.2009) ("Where a claim, on its face, is subject to arbitration, a court lacks jurisdiction to decide the claim on its merits."); *LaSalle Group, Inc. v. Veteran Enterprise Technology Services*, LLC, No. 11-03517-CV-S-DGK, 2012 WL 1113549 at *3 (W.D. Mo. 2012). Because the Court finds the FAA applies and the claims at issue are subject to a valid and enforceable arbitration agreement, the Court will dismiss the case.

## Conclusion

Accordingly, and for the reasons set forth above, the Court **GRANTS** Defendant's motion to compel arbitration and **DISMISSES** this action without prejudice.

**IT IS SO ORDERED**.

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 14, 2021